IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mildred A. Wilson, ) | |
| ) | Civil Action No. 6:04-1437-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| General Electric Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      The plaintiff, Mildred A. Wilson, filed this action *pro se* alleging that she was constructively discharged by the defendant because of her race. This matter is before the court on the defendant's motion for summary judgment.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      The defendant filed its motion for summary judgment on February 7, 2005. By order of this court filed February 8, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the defendant's motion. The plaintiff was subsequently granted an extension allowing her until April 4, 2005, to file her response. On April 4, 2005, with the assistance of counsel, the plaintiff filed her memorandum in opposition to the defendant's motion for summary judgment.

## FACTS

According to her complaint, the plaintiff began working for the defendant on November 3, 1969. On July 3, 2002, while at work, the plaintiff received a racially hostile note from an unknown person. On October 1, 2002, the plaintiff resigned her employment with early retirement benefits.

On February 11, 2004, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. On February 12, 2004, the EEOC dismissed the plaintiff's charge because it was not filed within 300 days of the alleged discrimination.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather the non-moving party must demonstrate that specific material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## **ANALYSIS**

The defendant has moved for summary judgment on the plaintiff's only cause of action on the ground that she failed to timely file a complaint with the EEOC. A plaintiff is required to file a charge with the EEOC within 180 days of the alleged unlawful employment practice, unless within that period the plaintiff had "initially instituted proceedings with a State or local agency," in which case the charge must be filed with the EEOC within 300 days. 42 U.S.C. §2000e-5(e)(1). When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court. "This filing requirement acts as a statute of limitations. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127 (4th Cir. 1994). "[T]he burden of proving that the limitations period has been satisfied falls on the plaintiff once the issue has been appropriately raised by the

3

defendant." *Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F.Supp. 988, 993 (E.D. Va. 1995).

Here, the plaintiff had until July 28, 2003, at the very latest, to file a charge with the EEOC. She did not file her charge of discrimination until February 11, 2004 – 198 days too late. Thus, her charge of race discrimination was untimely. Although the plaintiff alleges additional incidents of race discrimination in the affidavit attached to her opposition memorandum, there is no question that these alleged incidents occurred during her employment with the defendant – which ended on October 1, 2002. Thus, even if she properly alleged a continuing violation claim of race discrimination, none of these allegations excuse her untimely EEOC charge. Her race discrimination claim should be dismissed.

## **CONCLUSION**

Wherefore, it is recommended that the defendant's motion for summary judgment be granted.

> s/William M. Catoe
> United States Magistrate Judge

July 13, 2005

Greenville, South Carolina